UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VICTOR P. CAPALDI,                          CIVIL ACTION
    Plaintiff,                          NO: 04-10755-JLT

vs.

AGA FISHING CORPORATION
    Defendant.

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes the defendant, AGA Fishing Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and answers the allegations contained in Plaintiff's Amended Complaint as follows:

GENERAL FACTUAL ALLEGATIONS

1.   The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and, therefore, denies same.

2.   The defendant admits the allegations contained in Paragraph No. 2.

3.   The defendant admits the allegations contained in Paragraph No. 3.

4.   The defendant admits the allegations contained in Paragraph No. 4.

5.   The defendant admits that it employed the plaintiff on or about November 25, 2003.  The remaining allegations contained in Paragraph No. 5 are allegations of law not requiring a response, but to the extent that a response is required, the defendant denies all the remaining allegations.

6.   The defendant admits the allegations contained in Paragraph No. 6

7.   The defendant denies the allegations contained in Paragraph No. 7.

8.   The defendant admits the allegations contained I Paragraph No. 8.

9.   The defendant admits the allegations contained in Paragraph No. 9.

10.  The defendant admits the allegations contained in Paragraph No. 10.

11.  The defendant admits that the plaintiff sustained injury on or about November 25, 2003 while onboard the F/V GEORGIE J.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 17 and, therefore, denies same.

12.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 and, therefore, denies same.

<u>JURISDICTION</u>

13.  The allegations contained in Paragraph No. 13 are allegations of law not requiring a response, but to the extent that a response is required, the defendant denies all the allegations contained therein.

14.  The allegations contained in Paragraph No. 14 are allegations of law not requiring a response, but to the extent that a response is required, the defendant denies all the allegations contained therein.

**<u>COUNT I</u>**
<u>Victor P. Capaldi vs. AGA Fishing Corporation</u>
(JONES ACT NEGLIGENCE)

15.  The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 14 inclusive and incorporate same as if fully set forth herein.

16.  The defendant denies the allegations contained in Paragraph No. 16.

17.  The defendant admits that the plaintiff has incurred medical expenses, which have been paid by the defendant's interests, as a result of the injury he

sustained on or about November 25, 2003 while onboard the F/V GEORGIE J.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 17 and, therefore, denies same.

18.  The allegation contained in Paragraph No. 18 is an allegation of law not requiring a response, but to the extent that a response is required, the defendant denies all the allegation contained therein.

**WHEREFORE**, the defendant, AGA Fishing Corporation, prays that Count I be dismissed with prejudice and that it be awarded reasonable attorney's fees and costs.

<u>COUNT II</u>
Victor P. Capaldi vs. AGA Fishing Corporation
(GENERAL MARITIME LAW – UNSEAWORTHINESS)

19.  The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 14 inclusive and incorporate same as if fully set forth herein.

20.  The defendant denies the allegations contained in Paragraph No. 20.

21.  The defendant admits that the plaintiff has incurred medical expenses, which have been paid by the defendant's interests, as a result of the injury he sustained on or about November 25, 2003 while onboard

the F/V GEORGIE J.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 21 and, therefore, denies same.

22.  The allegation contained in Paragraph No. 22 is an allegation of law not requiring a response, but to the extent that a response is required, the defendant denies all the allegations contained therein.

**WHEREFORE**, the defendant, AGA Fishing Corporation, prays that Count II be dismissed with prejudice and that it be awarded reasonable attorney's fees and costs.

<u>**COUNT III**</u>
Victor P. Capaldi vs. AGA Fishing Corporation
(GENERAL MARITIME LAW – MAINTENANCE & CURE)

23.  The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 14 inclusive and incorporate same as if fully set forth herein.

24.  The defendant admits that the plaintiff has incurred medical expenses, which have been paid by the defendant's interests, as a result of the injury he sustained on or about November 25, 2003 while onboard the F/V GEORGIE J.  The defendant lacks personal knowledge sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph No. 24 and, therefore, denies same.

**WHEREFORE**, the defendant, AGA Fishing Corporation, prays that Count III be dismissed with prejudice and that it be awarded reasonable attorney's fees and costs.

<u>**COUNT IV**</u>
<u>Victor P. Capaldi vs. AGA Fishing Corporation</u>
(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE & CURE)

25.  The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 14 inclusive and incorporate same as if fully set forth herein.

26.  The defendant admits that the plaintiff has incurred medical expenses, which have been paid by the defendant's interests, as a result of the injury he sustained on or about November 25, 2003 while onboard the F/V GEORGIE J.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 26 and, therefore, denies same.

27.  The defendant admits the allegations contained in Paragraph No. 27.

28.  The defendant denies the allegations contained in Paragraph No. 28.

29.   The defendant denies the allegations contained in
      Paragraph No. 29.

      **WHEREFORE**, the defendant, AGA Fishing Corporation,
prays that Count IV be dismissed with prejudice and that
it be awarded reasonable attorney's fees and costs.

### AFFIRMATIVE DEFENSES

      The defendant, AGA Fishing Corporation, incorporates
the following Affirmative Defenses into its Answer to
Plaintiff's Amended Complaint as follows:

      **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
DEFENSE**, the defendant states that there has been
insufficiency of process and Service of Process.

      **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
DEFENSE**, the defendant states that the plaintiff has
failed to join an indispensable party.

      **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
DEFENSE**, the defendant states that the damages allegedly
sustained by the plaintiff resulted in whole or in part
from his own negligence and failure to exercise the degree
of care and skill reasonably required of a fisherman and
seaman and not due to any negligence or fault on the part
of the defendant.

      **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
DEFENSE**, the defendant states that the plaintiff's alleged

injuries resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants, or agents.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that plaintiff's alleged injuries resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged, the condition that caused or contributed to his injuries was without the fault, knowledge or privity of the defendant; and that the damages claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his willful concealment of a disabling condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that Counts III and IV of Plaintiff's Amended Complaint should properly be dismissed because it timely and fully satisfied its obligations for maintenance and cure under the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to mitigate his damages.

**WHEREFORE**, the defendant, AGA Fishing Corporation, prays that this Honorable Court dismiss with prejudice Plaintiff's Amended Complaint and it award it reasonable attorney's fees and costs.

**THE DEFENDANT, AGA FISHING CORPORATION, DEMANDS TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S AMENDED COMPLAINT AND ITS ANSWERS AND AFFIRMATIVE DEFENSES CONTAINED HEREIN WITH THE EXCEPTION OF LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

By its attorneys,

**CLINTON & MUZYKA, P.C.**


"/s/Thomas J. Muzyka"
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108

Dated: June 24, 2004